NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0849n.06
Filed: November 20, 2006

Case No. 05-6671/6754

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| STEVEN SCOTT, Surviving Husband of Elizabeth Suzanne Scott, Deceased, | ) ) ) | |
| Plaintiff-Appellant (05-6671) Plaintiff-Appellee (05-6754), | ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| v. | ) ) | |
| GEORGE M. MILLER, JR., M.D., GEORGE M. MILLER, JR., M.D., P.C., F/k/a BARIATRIC SURGERY CLINIC, P.C., and CENTENNIAL MEDICAL CENTER, | ) ) ) ) | |
| Defendants-Appellees (05-6671) Defendants-Appellants (05-6754). | | |

BEFORE: BATCHELDER and MOORE, Circuit Judges; COHN,* District Judge.

**AVERN COHN, District Judge**. This is a medical malpractice case. Plaintiff, Steven

Scott, as surviving husband of Elizabeth Suzanne Scott, appeals from the district court's

grant of summary judgment to defendants George M. Miller, Jr., M.D., and George M.

_____

*The Honorable Avern Cohn, United States District Judge for the Eastern District of
Michigan, sitting by designation.

Miller, Jr., M.D., P.C. f/k/a Bariatric Surgery Clinic, P.C.[1]  Defendants appeal the denial

of their motion to permit discovery depositions of expert witnesses.  The appeal raises

two issues:  (1) whether plaintiff's medical expert met the qualifications under the

Tennessee Medical Malpractice Act, Tenn. Code Ann. § 29-26-115(a)(1), with respect to

knowledge of the professional standard of care; and (2) whether the district court erred in

denying defendants' motion to permit discovery.  For the reasons that follow, we

REVERSE the district court's summary judgment ruling and REMAND the case for

further proceedings, including a determination of whether depositions of the proposed

medical experts should be taken.

## I.

### A.

Suzanne Scott was a thirty-year-old woman who, on October 17, 2001, sought

consultation for gastric bypass surgery[2] with Dr. George Miller.[3]  On November 15, 2001,

Dr. Miller performed laparoscopic Roux-en-Y gastric bypass weight loss surgery on Mrs.

Scott at Centennial Medical Center in Nashville, Tennessee.  Plaintiff alleges, *inter alia*,

---

[1]Initially, plaintiff also sued Centennial Medical Center.  Plaintiff later dismissed it
as a defendant.

[2]Gastric bypass is a procedure in which the majority of the stomach is cut off to create
a small pouch to permit only a small amount of food to be consumed and thereby induce
weight loss.

[3]Plaintiff spent a good deal of time discussing Dr. Miller's qualifications.  As
defendants point out, Dr. Miller's qualifications are not at issue.

that Dr. Miller failed to properly close Mrs. Scott's bowels, leaving two leaks and causing toxins to spread into her abdominal cavity. Defendants, however, maintain that a failure to follow discharge instructions may have lead to the failure of the surgical bowel connection and the development of leaks. In any event, Mrs. Scott remained in the hospital for three days after the surgery during which time she complained of not feeling well. Mrs. Scott was eventually discharged on a Sunday. By Monday night, Mrs. Scott was quite ill, and was taken to the hospital and admitted for emergency surgery to repair two large leaks. By that time, she had a massive infection. Mrs. Scott died eight days later from sepsis.

**B.**

On November 5, 2004, plaintiff filed a medical malpractice complaint against defendants[4] in federal court.

On January 21, 2005, the district court entered a Case Management Order which stated in part:

> In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.
> Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

On January 24, 2005, the district court entered Case Management Order No. 2 which said the following regarding expert witnesses:

---

[4]Plaintiff previously filed a medical malpractice complaint in state court on November 13, 2002. Plaintiff voluntarily dismissed the case prior to expert witness disclosure.

Expert witness disclosures shall be made in accordance with Fed. R. Civ. P. 26(a)(2) or as has been otherwise ordered by the Court. No expert witness shall testify beyond the scope of his or her expert witness disclosure. The Court may exclude or strike testimony of an expert witness, or order other sanctions provided by law, for violation of the expert witness disclosure requirements.

On March 3, 2005, defendants filed a motion for summary judgment on the grounds that plaintiff failed to make out a medical malpractice case under Tennessee law. In response, plaintiff filed the affidavit of Jeffrey W. Allen, M.D., plaintiff's medical expert, who stated that he was familiar with the standard of care in Nashville, Tennessee and that Dr. Miller failed to comply with that standard. Plaintiff, with permission from the district court, filed a supplemental affidavit from Dr. Allen. Defendants then filed a reply brief challenging Dr. Allen's qualifications under Tennessee's Medical Malpractice statute based on the supplemental affidavit.

On October 7, 2005, defendants filed a motion to permit the parties to conduct discovery depositions of experts. On October 11, 2005, the district court denied the motion, prior to receiving a response from plaintiff, essentially on the grounds that there was no showing of need to deviate from the case management orders.

On October 18, 2005, the district court granted defendants' motion for summary judgment, holding that Dr. Allen failed to satisfy the "locality rule" under Tennessee's Medical Malpractice Act. Without this evidence, the district court held that plaintiff failed to make out a case for medical malpractice and, as such, granted summary judgment to defendants.

4

Plaintiff appeals the district court's summary judgment decision. Defendants cross appeal the denial of their motion for discovery depositions.

## II.

## A.

## 1.

The first issue on appeal is the district court's summary judgment ruling which we review *de novo*. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Defendants, however, argue that the standard of review is an abuse of discretion. Defendants say that because the district court's summary judgment ruling was based on a factual finding that Dr. Allen was not qualified as an expert under Tennessee law it was essentially an evidentiary ruling. We disagree. The district court's summary judgment decision rested on the finding that Dr. Allen's affidavit was insufficient as a matter of law, *i.e.* there was no genuine issue as to a material fact regarding whether Dr. Allen satisfied the requirements of Tennessee law. Although the issue has evidentiary overtones, the appropriate standard of review of the district court's decision is *de novo* because the issue was resolved in the context of summary judgment.

**2.**

**a.**

Tenn. Code Ann. § 29-26-115(a) sets forth a plaintiff's burden in a medical

malpractice action, providing:

> (a) In a malpractice action, the claimant shall have the burden of proving by
> evidence as provided by subsection (b):
> (1) The recognized standard of acceptable professional practice in the
> profession and the specialty thereof, if any, that the defendant practices in
> the community in which he practices or in a similar community at the time
> the alleged injury or wrongful action occurred;
> (2) That the defendant acted with less than or failed to act with ordinary and
> reasonable care in accordance with such standard; and
> (3) As a proximate result of the defendant's negligent act or omission, the
> plaintiff suffered injuries which would not otherwise have occurred.

Subsection (a)(1) is commonly referred to as the "locality rule," which requires that a

"medical expert relied upon by the plaintiff must have knowledge of the standard of

professional care in the defendant's applicable community *or* knowledge of the standard

of professional care in a community that is shown to be similar to the defendant's

community." *Robinson v. LeCorps*, 83 S.W.3d 718, 724 (Tenn. 2002) (emphasis added).

Case law has further shaped the contours of the locality rule.[5] In *Kenyon v.

Handal*, 122 S.W.3d 743, 761-62 (Tenn. Ct. App. 2003), the Tennessee Court of Appeals

explained:

_____

[5]It is worth noting that the majority of the cases cited by the parties concern the exclusion of a plaintiff's medical expert's testimony, either at deposition or at trial, not the dismissal of a medical malpractice action on summary judgment for failure of the expert to satisfy the locality rule.

6

The expert is not required to be familiar with all the medical statistics of the community where the physician practices. *Ledford v. Moskowitz*, 742 S.W.2d 645, 648 (Tenn. Ct. App. 1987). However, the expert must go further than simply asserting that he or she is familiar with the applicable standard of care. *Mabon v. Jackson-Madison County Gen. Hosp*., 968 S.W.2d at 831. The expert must present facts demonstrating how he or she has knowledge of the applicable standard of professional care either in the community in which the defendant physician practices or in a similar community. *Spangler v. East Tenn. Baptist Hosp*., No. E1999-01501-COA-R3-CV, 2000 WL 222543, at *1-2 (Tenn. Ct. App. Feb. 28, 2000) *perm. app. denied* (Tenn. Sept. 11, 2000).

For the purpose of Tenn. Code Ann. § 29-26-115(a), the only relevant "community" is the community in which the defendant physician actually practices or in a similar community. *Tilley v. Bindra*, No. W2001-01157-COA-R3-CV, 2002 WL 1000196, at *4-5 (Tenn. Ct. App. May 13, 2002) *perm. app. denied* (Tenn. Nov. 4, 2002). Accordingly, the courts have held that medical experts testifying for a patient in a medical malpractice case may not base their testimony solely on their familiarity with a national standard of professional practice. *Robinson v. LeCorps*, 83 S.W.3d at 724; *Mabon v. Jackson-Madison County Gen. Hosp*., 968 S.W.2d at 831. We have likewise rejected expert testimony based on a state-wide standard of professional practice, *Totty v. Thompson*, 121 S.W.3d at 678-79; *Tilley v. Bindra*, 2002 WL 1000196, at *4 (holding that the relevant standard of professional practice is not a nationwide or even a statewide standard of care), as well as testimony premised on a regional standard of professional practice. *Howell v. Baptist Hosp.*, 2003 WL 112762, at *8 (holding that an affiant's assertion of familiarity with the applicable standard of professional practice in "Middle Tennessee" did not provide a basis for testifying regarding the standard of professional practice in Nashville).

In *Kenyon*, the court of appeals found that the plaintiff's medical expert's affidavit failed

to satisfy the locality rule because

> it does not contain sufficient facts to demonstrate that Dr. Kumar's opinion regarding the applicable standard of professional practice is based either on his familiarity with the applicable standard of professional practice in Gallatin or Sumner County or on his knowledge of the applicable standard of professional practice in a community similar to Gallatin or Sumner

7

County. Nothing in Dr. Kumar's affidavit indicates that he has any personal knowledge of the practice of obstetrics and gynecology in Gallatin or Sumner County. Accordingly, he can comply with Tenn.Code Ann. § 29-26-115(a)(1) only by demonstrating that he knows the applicable standard of professional practice in a community that is similar to Gallatin or Sumner County.

Dr. Kumar does not assert that Douglasville, Georgia where he practices is similar to Gallatin or Sumner County. He bases his familiarity with the applicable standard of care of an obstetrician in January 1998 at the Sumner Regional Medical Center in Gallatin on his conclusion that the standards of professional practice in the State of Georgia are the same as those in the State of Tennessee. Generalizations regarding the similarity of the standards of professional care in two contiguous states are not specific enough information to demonstrate that a medical practitioner is qualified under the locality rule to render an opinion in a medical malpractice case.

*Id*. at 762.

Defendants rely heavily on *Mabon v. Jackson-Madison County Gen. Hosp.*, 968 S.W.2d 826 (Tenn. Ct. App. 1997), implying that the Tennessee Court of Appeals created a sort of "checklist" for demonstrating familiarity with the standard of care. Defendants listed several "facts" taken from *Mabon* which they say an expert must provide in order to satisfy the locality rule, which include: (1) visiting the defendant's city; (2) knowing where the city is located; (3) knowing the population of the city; (4) knowing an individual in that city; (5) knowing physicians in the city; (6) knowing the number of physicians in the city; (7) knowing the number of hospitals in the city; (8) knowing the size of the hospital of where the care at issue was provided; (9) knowing the number of beds in the hospital; (10) knowing the medical specialities available in the hospital; (11) treating a patient from the city; (12) reviewing medical records from the city; (13)

8

knowing information about medical schools in the city; (14) knowing whether teaching hospitals are in the city; and (15) knowing information about colleges and universities in the city.

Defendants' reading of *Mabon* is misplaced. The court in *Mabon* did not suggest that the above items are required to establish familiarity with the standard of care. Indeed, defendants' list is taken from the court's discussion of the plaintiff's proposed expert's *deposition* testimony where he was *cross-examined* as to each of these items of his knowledge and he eventually admitted to not having knowledge of the relevant medical community. Furthermore, in *Mabon*, the plaintiff's expert testified that his opinion was based on a national standard of care, which was the crux of the court of appeals' decision affirming the district court's exclusion of his testimony. The case did not turn on the expert's failure to confirm his knowledge to a predetermined set of facts.

Plaintiff cites *Hunter v. Ura*, 163 S.W.3d 686 (Tenn. 2005), in which the Tennessee Supreme Court considered whether a plaintiff's expert physician satisfied the locality rule and was properly allowed to testify at trial. The court held that the expert was qualified, explaining:

> Dr. Witt was a board-certified anesthesiologist who had practiced in Lexington, Kentucky since 1980. Dr. Witt testified that he was involved with the Academic Association of Anesthesia Program Directors, which was an organization "with people from Vanderbilt, from Lexington, and the surrounding area." Dr. Witt had attended a meeting of the Southern University Department of Anesthesia Chairs at Vanderbilt in Nashville, Tennessee. Dr. Witt stated that he had been to Nashville six or seven times, that he knew the Chair at Vanderbilt's anesthesia department very well, and that he was "familiar, in a regional setting, [with] the general kinds

9

of care offered [ ] in Lexington as well as in Nashville." Dr. Witt discussed several hospitals in Nashville and stated that the standard of professional care in this case "would be approximately the same as what we would see at some of the hospitals where I have been in Nashville."

*Id*. at 708.

Finally, in *Sommer v. Davis*, 317 F.3d 686 (6th Cir. 2003), a panel of this Court considered Tennessee's locality rule and held that the district court did not abuse its discretion in striking a plaintiff's proposed expert's testimony following a hearing and *sua sponte* granting summary judgment to defendant. In *Sommer*, the panel noted that the physician's acknowledgment that he did not "know any of the characteristics of the Nashville medical community" at the time of plaintiff's surgery pointed in favor of not finding an abuse of discretion. *Id*. at 695.

**b.**

Turning to this case, plaintiff submitted an affidavit and supplemental affidavit of Dr. Allen. Plaintiff also submitted Dr. Allen's credentials and his *curriculum vitae*. Attached to the supplemental affidavit was Dr. Allen's Rule 26 report. As to his familiarity with the standard of care, Dr. Allen stated that he was familiar both with the standard of care in Nashville, Tennessee and in Louisville, Kentucky, which he stated was a similar community to Nashville. His Rule 26 report states in part:

> My practice is in Louisville, Kentucky. Louisville has a medical community that is very similar to the medical community in Nashville, Tennessee. While Louisville is smaller than Nashville, both cities have multiple hospitals, both have respected medical schools, and doctors in the both communities have equal access to medical educational opportunities,

10

state of the art medical equipment, consulting and proctoring physicians for advice and training, and medical information in general. Additionally, there are many surgeons in Nashville, Tennessee who perform laparoscopic Roux-en-Y gastric bypass procedures and these surgeons follow up as I do in Louisville, Kentucky. In short, the doctors in Nashville, Tennessee who comply with the standard of care, perform laparoscopic Roux-en-Y gastric bypass surgery the same way I do in Louisville, Kentucky. Centennial Medical Center, at which Dr. Miller was working at the time he operated on Mrs. Scott, has access to the same quality medical equipment that I have at Norton Hospital, the hospital where I do the majority of my work. In addition to my Kentucky licensure, I am licensed in a number of other states - including Tennessee. I have lectured about gastric bypass surgery in Nashville to physicians practicing there; and I have proctored numerous surgeries in communities similar to Nashville. I am familiar with the standard of care in Nashville, Tennessee and similar communities that governs the conduct of doctors like Dr. Miller and me when we perform Roux-en-Y gastric bypass procedures and provide medical care following these procedures.

The district court granted summary judgment to defendants upon finding that Dr. Allen's affidavit failed to comply with the locality rule. The district court stated:

Dr. Allen's affidavit lacks a sufficient factual showing of his knowledge of the recognized standard of acceptable professional practice in Nashville or a medical community similar to Nashville. Dr. Allens's [sic] affidavit is also too conclusory to establish his familiarity with this particular speciality. Dr. Allen makes the conclusory statement that "doctors in both communities have equal access to ... state of the art equipment, consulting and proctoring physicians for advice and training and medical information in general." Dr. Allen, however, does not provide any knowledge of "state of the art equipment" for this practice in Nashville. Dr. Allen does not state that he has performed surgeries or supervised surgeries in Nashville, nor does Dr. Allen identify these "similar communities" where he has proctored surgeries.

To comply with Tennessee law, Plaintiff's expert must offer more specific facts of his knowledge [sic] the identity of the relevant physicians in the Nashville area and their methods and practices of surgeons in Nashville during the relevant time period. Without such facts or data, the Court cannot conclude whether there is a sufficient predicate to establish

11

the relevant community standard under Tennessee law. Dr. Allen's affidavit describes a regional or international standard of care and such a standard does not meet the requirements of Tenn. Code Ann. § 29-26-115(a)(1).

For these reasons, the Court concludes that Dr. Allen is not a qualified expert under Tennessee law and without a qualified expert, the Plaintiff's proof fails to support a judgment on his claims. Thus, the Defendants' motion for summary judgment should be granted.

JA at p. 164-65.

We disagree with the district court's interpretation of Dr. Allen's knowledge of the standard of care. Dr. Allen states he is a board certified surgeon with extensive experience in performing, proctoring, and lecturing about gastric bypass procedures. He travels in the Southeastern United States where he comes into contact with physicians from Nashville. He states he is familiar with the standard of care in Nashville and notes the similarities between Nashville and Louisville in terms of having multiple hospitals, respected medical schools, access to medical information, state of the art equipment, and consulting physicians. In our view, this evidence is sufficient to satisfy the locality rule under Tennessee law. Contrary to the district court's interpretation, we do not find that Tennessee law, as set forth above, imposes specific requirements such as identifying what "state of the art equipment" exists in Nashville. While in order to satisfy the locality rule, a medical expert must offer "facts" to support his or her knowledge of the standard of care, Dr. Allen's supplemental affidavit did set forth such facts. This is not a case where the expert is wholly unfamiliar with the locality where the defendant-physician practices or fails to explain a similar community. In other words, it is a case like *Hunter*, not

12

*Kenyon*, *Mabon*, or *Sommers*. Dr. Allen expressed knowledge of the Nashville standard of care and the standard of care in a similar community (Louisville) in sufficient detail in his affidavits and Rule 26 Report. We find that Dr. Allen's supplemental affidavit satisfies the requirements of the locality rule under Tenn. Code Ann. § 29-26-115(a)(1). As such, plaintiff provided evidence sufficient to survive summary judgment. *See Wilson v. Patterson*, 73 S.W.3d 95, 105 (Tenn. Ct. App. 2001) (holding that the expert's statement that "the Lexington, Kentucky area is a similar area to Memphis, Tennessee with regard to the standard of care of acceptable professional medical practice in the field of obstetrics and gynecology and in regard to the medical services provided in this area. Both Lexington, Kentucky and Memphis, Tennessee are regional medical centers and are the locations of their state medical schools" although meager, was sufficient to withstand summary judgment).

**B.**

The next issue on appeal is the district court's denial of defendants' motion to permit discovery depositions which is reviewed for an abuse of discretion. *See Coleman v. American Red Cross*, 23 F.3d 1091 (6th Cir. 1994). In light of finding that the district court erred in granting summary judgment to defendants, we believe the better course is to remand the matter to the district court to consider whether, notwithstanding the local rule to the contrary, expert depositions are appropriate under the circumstances.

13

**III.**

For the reasons stated above, the decision of the district court is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion.

**ALICE M. BATCHELDER, Circuit Judge, concurring.** I agree with the lead opinion that we must reverse the district court's grant of summary judgment and remand the case for further proceedings; however, I disagree with its reasoning in reaching this result. Specifically, I object to the opinion's finding that the evidence provided in Dr. Allen's affidavit satisfied Tennessee's locality rule for medical experts. See Tenn. Code Ann. § 29-26-115(a)(1).

Tennessee's locality rule requires a medical expert witness to show either that (1) she practices in the same community as the defendant or (2) she practices in a community similar to that in which the defendant practices. Id. Dr. Allen's affidavit is insufficient to show that he is familiar with the standard of care in Nashville, Tennessee, where Dr. Miller practiced. While he states that he has lectured in Nashville and has read articles written by Nashville physicians, he does not provide any detail of these educational endeavors or indicate how these experiences demonstrate his knowledge of the standard of care in Nashville. Moreover, Dr. Allen's statements do not establish that Louisville, Kentucky -- the community in which he practices -- is similar to Nashville, Tennessee. While he states that both cities have multiple hospitals, respected medical schools, and equal access to medical information and equipment, he fails to support these generalized statements with statistics, and such bald assertions are insufficient to satisfy the locality rule. See, e.g., Bravo v. Sumner Reg'l Health Sys., Inc., 148 S.W.3d 357, 368-69 (Tenn. Ct. App. 2003) (finding that the locality rule was satisfied where the medical expert produced statistical evidence establishing the similarity between two cities). As interpreted by Tennessee courts, the locality rule sets a more exacting

15

evidentiary standard than was satisfied by Dr. Allen's affidavit in this case. See Roberts v. Bicknell, 73 S.W.3d 106, 113 (Tenn. Ct. App. 2001) (noting that an expert must do more than recite the language of the statute to show familiarity with a similar community). Consequently, I cannot agree with my colleagues that the locality rule was satisfied in this case.

While I would not find that Dr. Allen's affidavit standing alone was sufficient to satisfy the locality rule, I would certainly conclude that it contained enough evidence to create a genuine issue of material fact on the issues of whether he was familiar with the standard of care in Nashville and whether Louisville was a community similar to Nashville. See, e.g., Wilson v. Patterson, 73 S.W.3d 95, 105 (Tenn. Ct. App. 2001) (finding that "meager" evidence which demonstrated the similarity between two cities was "sufficient to withstand attack at the summary judgment stage of the proceeding"). The affidavit was thus sufficient to survive a motion for summary judgment, and the district court erred in granting the defendants' motion. The generalized statements in Dr. Allen's affidavit could have been further developed during his deposition or trial testimony, and the parties should have been afforded this opportunity.

I also disagree with the lead opinion's implicit conclusion that Local Rule 12 of the United States District Court for the Middle District of Tennessee permits the district court to preclude the taking of depositions of medical experts. Under that rule, the judge "may require that the direct testimony of an expert witness, other than a medical expert, be reduced to writing" and "read . . . to the trier of facts." M.D. TENN. LOC. R. 12(c)(6)(C). The express language of this rule exempts medical experts from its

16

requirements.  I therefore would hold that the district court erred in applying Local Rule 12(c)(6)(C) to prohibit the defendants' deposition of Dr. Allen.

Despite disagreeing with the analysis of the lead opinion, I concur in the opinion's conclusion that the district court's grant of summary judgment should be reversed and the case remanded for further proceedings.